**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nationwide Mutual Insurance Company, | No. CV-24-00658-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Construction Management Technology Incorporated, et al., | |
| Defendants. | |

On March 26, 2024, Plaintiff filed its Complaint seeking declaratory judgment against Defendants. (Doc. 1.) The Complaint, however, fails to sufficiently allege that this Court has subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that a federal court has an independent duty to ensure subject-matter jurisdiction exists in cases before it); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the Court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.") Plaintiff alleges that the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 (the diversity jurisdiction statute). (Doc. 1 ¶ 29.)

Section 1332 provides that diversity jurisdiction in a civil action exists where (1) the citizenship of each plaintiff differs from the citizenship of each defendant, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Complaint here fails to adequately plead diversity of citizenship.

The Complaint identifies the following: Plaintiff Nationwide Mutual Insurance Co. is an Ohio corporation with its principal place of business in Ohio (Doc. 1 ¶ 24); Defendant McCain Construction, LLC ("McCain") is an Arizona limited liability company with a principal place of business in Arizona (*Id.* ¶ 25); and Defendant Construction Management Technology, Inc. ("CMT") is a Texas corporation with its principal place of business in Texas. (*Id.* ¶ 26)

A corporation is deemed a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Plaintiff is a citizen of Ohio, as that is the state of its incorporation and principal place of business. Likewise, CMT is a citizen of Texas. However, McCain's citizenship is not clear. For the purposes of diversity jurisdiction, a limited liability corporation ("LLC") is a "citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff's Complaint fails to allege either who the owners/members of McCain are or their respective citizenships. And without knowing McCain's citizenship, the Court cannot determine whether a diversity of citizenship exists. The Complaint's assertion of diversity jurisdiction is insufficiently supported by the allegations. Accordingly,

**IT IS ORDERED** that by **April 3, 2024**, Plaintiff is **ORDERED** to either (1) amend its Complaint to sufficiently allege subject-matter jurisdiction or (2) show cause in writing why this case should not be dismissed for lack of subject-matter jurisdiction. The Clerk of the Court is directed to dismiss this case in its entirety, without further order of the Court, if Plaintiff does not either amend its Complaint or respond to this order to show cause within the timeframe specified herein.

Dated this 27th day of March, 2024.

Douglas L. Rayes
United States District Judge